NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-494

COMMONWEALTH

vs.

JESSICA TERKELSEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jessica Terkelsen, appeals from her convictions, following a jury trial in the District Court, of breaking and entering a building in the nighttime with the intent to commit a misdemeanor, in violation of G. L. c. 266, § 16A, and of larceny under $1,200, in violation of G. L. c. 266, § 30 (1).  The defendant argues that the trial judge erred in accepting her attorney's waiver of her right to be present at sidebar during individual juror voir dire, rather than obtaining a personal waiver directly from the defendant. We affirm.

Background.  In the early morning hours on August 2, 2019, Montague Police responded to the home of Orlando Wildman-Hanlon

for a reported disturbance.  Wildman-Hanlon lived there with his parents, his sister, and a dog, Lilly.  Wildman-Hanlon and the defendant had previously been in a relationship in which they shared possession of Lilly.  After their breakup, Wildman-Hanlon moved back into his parents' home.  The parties agreed Wildman-Hanlon would retain possession of Lilly until the defendant found suitable living arrangements for the dog.  When the defendant moved in with her parents, she asked Wildman-Hanlon for the dog back, and he refused.

At around 4:30 A.M. on the day of the incident, the defendant and two accomplices broke into the Wildman-Hanlon home while the occupants were asleep.  Wildman-Hanlon awoke and heard banging at his bedroom door.  He opened it and saw the defendant.  The defendant then took and fled with Lilly.  After the defendant and her accomplices left the home, there was damage to a window screen and to Wildman-Hanlon's doorframe. The police obtained a criminal complaint and arrested the defendant.

The defendant elected a jury trial, which occurred on June 14, 2022.  In the midst of jury selection, the judge asked defense counsel whether he waived the defendant's presence at sidebar for individual juror voir dire.  Defense counsel stated that he had spoken to the defendant about that issue and he waived her presence for individual juror voir dire.  The jury

2

convicted the defendant of breaking and entering in the nighttime with the intent to commit a misdemeanor and of larceny under $1,200.  The defendant timely appealed.

Discussion.  The defendant claims that her counsel's waiver of her right to participate in individual juror voir dire was invalid because the judge was required to obtain a personal waiver directly from her.  We disagree.

"[A] defendant is entitled to be present at all critical stages of a criminal proceeding," including voir dire of an individual juror, "if an appropriate request for [her] presence is made" (citation omitted).  Commonwealth v. Owens, 414 Mass. 595, 602 (1993).  But defense counsel has the authority to waive a defendant's presence on her behalf.  See Commonwealth v. Myers, 82 Mass. App. Ct. 172, 181 (2012) ("only a limited number of rights are [waivable by] the defendant alone, including whether to plead guilty, to waive the right to trial by jury, to testify in one's behalf, to take an appeal, or to waive the right to counsel" [quotation and citation omitted]).

The defendant did not request to be present at sidebar during the individual juror voir dire.  Moreover, her counsel did not object to her absence and the judge did not exclude her. For this reason alone, the issue need not be considered on appeal.  See Commonwealth v. Perry, 432 Mass. 214, 238 (2000). But here, the judge specifically asked defense counsel if he was

waiving the defendant's presence for individual voir dire. Defense counsel responded that he had discussed the issue with the defendant and they were "waiving her presence."[1] Accordingly, defense counsel validly waived the defendant's right to be present.  See Myers, 82 Mass. App. Ct. at 181.

Judgments affirmed.

By the Court (Rubin, Henry, & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  March 24, 2026.

---

[1] When defense counsel waived the defendant's presence at sidebar, seven jurors had been seated and the defense had struck two jurors for cause without objection.

[2] The panelists are listed in order of seniority.

4